IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEMECIA SISTRUNK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | CV-20- |
| ) | JURY DEMAND |
| ) | |
| WASTE PRO OF ALABAMA, INC., ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

## I.   JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against race and sex discrimination in employment.

2.   Plaintiff filed her race and sex discrimination suit within 180 days of the

1

discriminatory treatment and ninety (90) days from the receipt of her right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff, Temecia Sistrunk (hereinafter "Sistrunk" or "Plaintiff"), is an African-American female citizen of the United States and a resident of Birmingham, Jefferson County, Alabama. Plaintiff was employed by Defendant at its Birmingham and Alabaster locations.

4. Defendant, Waste Pro of Alabama, Inc., (hereinafter "Waste Pro" or "Defendant"), is a corporation doing business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981. Defendant employs at least fifteen (15) persons.

5. Defendant provides commercial and residential solid waste and recycling collection and construction waste collection services.

## III. CAUSES OF ACTION

### RACE & SEX DISCRIMINATION IN JOB/WORK ASSIGNMENTS, PAY, SUSPENSION AND TERMINATION

6. Plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail hereinbelow.

7. Plaintiff has been discriminated against because of her sex, female, and

2

race, African-American, in job/work assignments, pay, suspension, termination and other terms and conditions of employment.

8. Plaintiff began her employment with Defendant on October 29, 2012. Plaintiff was terminated on March 5, 2019.

9. During Plaintiff's employment, she had numerous job duties and responsibilities and performed all said job duties and responsibilities in a satisfactory manner.

10. Plaintiff began her employment with Defendant as a Residential Driver in the Birmingham office. In October of 2014, the Division split and moved the majority of the residential, commercial and front load routes to the Alabaster office under the Division Management of Scott Corley, Caucasian Division Manager. The recycling portion remained in the Tarrant office under the supervision of George Nicholson, Caucasian.

11. After moving to Alabaster in October 2014, Plaintiff continued to drive a residential route/sac truck.

12. On November 20, 2016, Plaintiff was promoted to a Lead Residential Driver and, at that point, began assisting with operations. However, Plaintiff continued to help on routes when necessary in a fill-in capacity.

13. During this time, in 2015, Fred Logan, African-American, was

Operations Manager and Percy Moore, African-American, was Residential Route Supervisor. Mr. Moore left and Plaintiff stepped in and helped with the Residential Route Supervisor duties. Even though Plaintiff was performing the job duties and responsibilities of Residential Route Supervisor, she never received the pay or benefits of the position. Furthermore, when Plaintiff had to step in and assist with the Residential Route Supervisor duties, she became ineligible for the $10,000 bonus, which affected her pay/salary.

14. Plaintiff was told each year that Defendant would budget for and make the "official" change for her to become the Residential Route Supervisor. However, that never occurred.

15. All management employees, including but not limited to, Fred Logan, Scott Corley, Danielle Grammar, Kimetra Leggins and other HR directors, knew that Plaintiff was performing all the duties and responsibilities of the Residential Route Supervisor; however, was not receiving the pay or benefits of the position. Moreover, Plaintiff was never afforded the training for the position as was the Residential Route Supervisor, Thomas LNU, for the Talladega office.

16. Plaintiff continued to perform Residential Route Supervisor duties up until her termination without pay and benefits.

17. The lease for the Alabaster office ended and Defendant's operations

moved back to Tarrant in 2016.

18. Throughout this time, Plaintiff continued to perform all the duties of the supervisor position, i.e., answer phone calls, answer emails when at work and when at home/after hours, doing route observations, crew out, tailgate meetings, safety meetings, etc. Plaintiff was also required to attend managers' meetings and conference calls.

19. In 2017, Defendant hired John Powers, Caucasian male, as Operations Manager. However, Defendant still had not budgeted or paid Plaintiff for her duties and responsibilities associated with the Residential Route Supervisor position. Furthermore, Mr. Powers had not worked in the waste industry and he had to be trained.

20. On February 21, 2019, Plaintiff was suspended pending investigation regarding her alleged violation of the time keeping policies and procedures. Plaintiff was treated differently than similarly situated Caucasian employees as drivers, helpers, supervisors and managers clocked employees in and out all time without disciplinary action, including, but not limited to, termination.

21. On March 5, 2019, Plaintiff received a letter stating she was being terminated for falsification of timekeeping records. Again, similarly situated Caucasian employees were not treated in the same manner that Plaintiff was treated,

i.e., suspension and termination.

22. Defendant's proffered reasons for Plaintiff's treatment while employed were pretext for race and sex discrimination.

23. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, recovery of benefits, an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding

her the position(s) she would have had occupied in the absence of race and sex discrimination, back-pay (plus interest), front-pay, benefits, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted,

/s/ Gregory O. Wiggins
Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANT'S ADDRESS:**
Serve via certified mail:

Waste Pro of Alabama, Inc.
c/o Registered Agent
CT Corporate System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104